**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No.   1:18-cv-23023

JACKI LYN CONNOR, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,
INC.,

        Defendant.
_____/

**CLASS ACTION COMPLAINT**

      Plaintiff, Jacki Lyn Connor ("Plaintiff"), on behalf of herself and all others similarly situated, alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. 1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act § 559.55 *et seq*. ("FCCPA"), and claims unjust enrichment against Defendant Midland Credit Management, Inc. ("Midland").

      1.     From as early as 1996 until at least 2009, Midland had no license to engage in collection activity in Florida; yet it filed and received hundreds—if not thousands—of questionable final judgments against consumers all across the State of Florida, racking up an enormous profit at the expense of Florida's residents. This case arises because Midland has used void final judgments to garnish unlawfully Plaintiff's and other Florida residents' wages.

      2.     Every final judgment Midland received while it had no license is void as a matter of law. *See Cooper v. Paris*, 413 So.2d 772 (Fla. 1st DCA 1982) ("The broad basis for the doctrine that contracts of certain unlicensed persons are unenforceable is that the courts should not lend their aid to the enforcement of contracts where performance would tend to deprive the public of

1

the benefits of regulatory measures."); *see also Vista Designs, Inc. v. Silverman,* 774 So. 2d 884, 888 (Fla. 4th DCA 2001) (fee agreement void *ad initio* where attorney was unlicensed to practice law in Florida and disgorging unlicensed attorney of all funds). Plaintiff seeks declaratory relief that all such judgments obtained by Midland are void.

3.     Midland knew that it was required to obtain a license to conduct debt collection activities in this state. Despite knowledge that it needed a license, Midland continued to actively act as a debt collector throughout all relevant periods of this complaint adverse to the Plaintiff and all class members.

4.     Plaintiff seeks actually and statutory damages for herself and a proposed class of similarly situated Florida residents under the Federal Fair Debt Collection Practice Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Both these statutes were enacted with one goal in mind—to provide the consumer with protection from unlawful debt collection.[1] "The FCCPA is a laudable legislative attempt to curb what the legislature evidently found to be a series of abuses in the area of debtor-creditor relations." 10A Fla. Jur.2D Consumer § 138 (2010). There is a very clear debt collection abuse where a debt collector fails to obtain a license in Florida, but files thousands of actions and collects upon debts through garnishment in Florida.

5.     The Florida Legislature intended to eliminate the harm that unlicensed collectors caused by requiring every person acting as a collection agency in this state to receive a license that required the person to submit an application and, among other requirements, undergo an exhaustive background screening. It then made the failure to be licensed a criminal offense.[2]

---

[1] *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (*citing see* Fla. Stat. § 559.552 ("In the event of any inconsistency ... the provision which is more protective of the consumer or debtor shall prevail.")).
[2] "It shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, for any person not exempt from registering as provided in this part to engage in collecting consumer debts in this state without first

6. Plaintiff on behalf of herself and all others similarly situated seek to hold Midland accountable for its illegal conduct in violation of Florida public policy, and respectfully request the Court award declaratory and injunctive relief, all available statutory and actual damages under the FDCPA and FCCPA, and damages for unjust enrichment against Defendant Midland Credit Management, Inc.

## PARTIES

7. Plaintiff is a natural person and a resident of Florida.

8. Midland is a debt collector with its principal business at 3111 Camino Del Rio North, Suite 103, San Diego, California 92108.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

10. The Court has supplemental jurisdiction over the FCCPA claims under 28 U.S.C. § 1367 because the basis of the FDCPA claim involves the same debt collection practices that form the basis of the FCCPA claims.

11. The Court has personal jurisdiction because Defendant conducts business throughout the United States, including Florida. Further, their voluntary contact with Plaintiff to charge and collect debts in Florida made it foreseeable that Defendants would be haled into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Defendant is deemed to reside in any judicial district where it is subject to personal jurisdiction at the time

---

registering with the office, or to register or attempt to register by means of fraud, misrepresentation, or concealment." Fla. Stat. § 559.785.

3

the action is commenced and because their contacts with this District are sufficient to subject it to personal jurisdiction.

## APPLICABLE LAW

**FDCPA**

13. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

14. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "the threat to take action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5).

15. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

16. The FDCPA is a strict liability statute and a consumer has only to prove one violation in order to trigger liability. 15 U.S.C. § 1692k(a)

17. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

18. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

19. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**FCCPA**

20. The FCCPA prohibits debt collectors from engaging in certain abusive practices in the collection of consumer debts. *See* generally Fla. Stat. § 559.72.

21. The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

22. Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

23. The FCCPA creates a private right of action under Fla. Stat. § 559.77.

24. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id*. § 559.55(8).

25. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. *Id.* § 559.72. This language includes all allegedly unlawful attempts at collecting consumer claims. *Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

26. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id*. § 559.55(6).

**FACTUAL ALLEGATIONS**

27. Midland regularly buys defaulted debt for pennies on the dollar. After buying the debt Midland brings actions against the debtor in arbitration proceedings and/or in Florida courts.

28. Midland regularly initiates arbitration proceedings, which has less strict notice and service requirements than Florida courts. Midland then obtains an arbitration award without proper notice and seeks enforcement of the arbitration award in Florida courts, obtaining what is essentially a default judgment.

29. Sometime in 2005, Midland solicited and bought a defaulted credit card debt from now defunct Providian Bank, whose business operated in Florida. The credit card debt was allegedly owed by Plaintiff.

30. Plaintiff disputes and does not recall having a credit card with Providian Bank.

31. In 2005, Midland initiated arbitration with the National Arbitration Forum ("NAF") and Mann Bracken, LLC[3] to collect the alleged debt from Plaintiff.

32. On or about July 13, 2005, Midland allegedly served Plaintiff with a FedEx package that included a copy of the arbitration claim. Plaintiff does not recall being served with any arbitration claim.

33. After she failed to respond, on or about August 26, 2005, the arbitrator, Mann Bracken LLC, entered an award for Midland for $2,826.02. Exhibit A. [4]

34. On or about July 21, 2006, Midland, now identified as servicing agent for MRC Receivables and still unlicensed, filed a "Complaint and Motion for Confirmation of Arbitration Award and Final Judgment" in the County Court in and For Palm Beach County, Florida. Case No.: 50-2006-CC-008816-XXXX-MB; Exhibit B.

---

[3] Mann Bracken, LLC was a debt collector that, a year later in 2010, had its license revoked by the Maryland State Collection Agency Licensing Board Office of the Commissioner of Financial Regulation for numerous violations of Federal and State consumer protection laws.

[4] At the time, NAF was the country's largest administrator of credit card and consumer collection arbitrations for collectors like Midland. But, in 2009, the Minnesota Attorney General sued the NAF for hiding its extensive ties to the credit card and collection industry and actively working against consumers. NAF agreed to cease all consumer arbitrations after signing a consent judgment with the Minnesota Attorney General. That same year, 2009, is when Midland became licensed to engage in collection activity in Florida.

35. On January 22, 2007, the Court entered a final judgment against Plaintiff for $3,348.01, which included costs and interests. Exhibit C.  This action was part of Midland's routine debt collection business practices in Florida.

36. The 2007 judgement was void because Midland was not licensed as a debt collector in Florida and could not avail itself of Florida courts for debt collection purposes.

37. Effective January 1, 2009, Midland became licensed as a Consumer Collection Agency in Florida.  Exhibit D.[5]  Before 2009, Midland was never licensed to collect debts in Florida.

38. On or about November 14, 2017, Midland filed a Motion for Writ of Garnishment. Exhibit E.  This action was part of Midland's routine debt collection business practices in Florida.

39. Several days later, the Court issued the writ and Midland served it on Plaintiff's employer.  Midland thereafter garnished Plaintiff's wages.  This action was part of Midland's routine debt collection business practices in Florida.

40. At no time did Midland provide Plaintiff with written notice that she had the right to request verification of the debt, dispute the debt, or other notices required by the FDCPA, 15 U.S.C. § 1692g.

41. Midland is actively trying to garnish the Plaintiff's wages based on the final judgment it received when it wasn't licensed to do so.

42. Plaintiff's employer has garnished her wages, causing her additional financial harm.

---

[5] Available at https://real.flofr.com/ConsumerServices/SearchLicensingRecords/SearchDetail.aspx?licNum=CCA0900916&licDesc=CCA.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action under Fed. R. Civ. P. Rule 23(a), (b)(3) on behalf of the following class of persons (the "Class"), subject to modification after discovery and case development:

> All persons who Midland charged, collected, or asserted an alleged debt, pursuant to any final judgment that Midland obtained in Florida before December 31, 2009, during the applicable statutes of limitations for Claims I, II, and III through the date a class is certified.

44. Class members are identifiable through Defendant's records and payment databases.

45. Excluded from the class is Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

46. Plaintiff proposes that she serve as class representative.

47. Plaintiff and the Class have all been harmed by the actions of the Defendant.

48. Numerosity is satisfied. There are likely tens of thousands of class members. Individual joinder of these persons is impracticable.

49. There are questions of law and fact common to Plaintiff and to the proposed class, including, but not limited to:

  a. Whether Defendant engaged in collection activity while unlicensed under the FDCPA and FCCPA;

  b. whether Plaintiff and the class conferred a benefit on Defendant;

  c. whether Defendant received a benefit from Plaintiff and the class that would be inequitable to keep;

    d. whether any final judgment Defendant received while unlicensed is void as a matter of law;

    e. whether Defendant should be disgorged of all amounts received including any profits earned from investing any amounts received;

    f. the amount of damages to which Plaintiff and the class are entitled; and

    g. whether Defendant should be enjoined from engaging in such conduct in the future

50. Plaintiff's claims are typical of the claims of class members.

51. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the class members, she will fairly and adequately protect the interests of the class members, and she is represented by counsel skilled and experienced in class actions.

52. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

53. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

### COUNT I AS TO MIDLAND'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692e

54. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) when she allegedly purchased goods and/or services using a credit card.

55. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because its principal business purpose is the collection of debts, it was assigned Plaintiff's alleged credit card

while it was in default, and it uses the United States mail for its principal business purpose: collecting debts.

56. Defendant engaged in "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when its sent writs of garnishments to Plaintiff's employer demanding payment of amounts alleged to be owed.

57. Defendant attempted to collect a consumer debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt in connection with purchases allegedly made on a credit card for personal, family, or household purposes.

58. Defendant violated 15 U.S.C. § 1692e when it used deceptive and misleading methods to collect debts when it threatened to take an action (collecting on void judgments) that could not be legally taken.

59. Defendant's violation of the FDCPA harmed Plaintiff by causing her monetary damage in illegal wage garnishment.

60. As a result of Defendant's violation of 15 U.S.C. § 1692e, Plaintiff and class members are entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

### COUNT II AS TO DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692f

61. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) when she allegedly purchased goods and/or services using a credit card.

62. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because its principal business purpose is the collection of debts, it was assigned Plaintiff's alleged credit card while it was in default, and it uses the United States mail for its principal business purpose: collecting debts.

63. Defendant engaged in "communications" with Plaintiff as defined by 15 U.S.C. § 1692a(2) when its sent writs of garnishments to Plaintiff's employer demanding payment of amounts alleged to be owed.

64. Defendant attempted to collect a consumer debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt in connection with purchases allegedly made on a credit card for personal, family, or household purposes.

65. At no time did Defendant communicate the required statutory disclosures to Plaintiff that she was entitled to verification of the debt and a right to dispute the debt, disclosures required by 15 U.S.C. § 1692g.

66. As a result of Defendant's FDCPA violation, Plaintiff suffered substantial damage, including but not limited to the deprivation of her statutory right to dispute the debt, the deprivation of the right to basic information needed to assess the legitimacy of the debt, and deprivation of the statutory right to information needed to dispute the accuracy of the debt.

### COUNT III AS TO DEFENDANT'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

67. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8) when she allegedly purchased goods and/or services using a credit card.

68. Defendant is a "person" as defined under the FCCPA.

69. Defendant attempted to enforce, claimed, and asserted a known non-existent legal right to a debt as defined by Fla. Stat. § 559.55(6) when it attempted to collect and collected a debt that was based on a void judgment because Defendant was not licensed as a debt collector in Florida when the judgment was obtained. *Id.* § 559.72(9); §559.553.

70. Defendant knew it must be licensed as a debt collector in Florida.

71. By engaging in debt collection activity while not licensed as a debt collector and subsequently seeking to garnish Plaintiff's and class members' wages based on void judgments, Defendant attempted to collect an amount from Plaintiff and the class that they didn't owe, and threatened to enforce the existence of a legal right that didn't exist.

72. As a result of Defendant's violation of the FCCPA, Plaintiff and class members are entitled to actual damages, plus statutory damages under § 559.77(2) of the FCCPA, together with reasonable attorney's fees and costs.

## **COUNT IV AS TO DEFENDANT'S UNJUST ENRICHMENT**

73. Plaintiff and class members have conferred a benefit upon Defendant by having their wages garnished by Defendant's illegal debt collection activities.

74. By its failure to obtain a license as a debt collector in Florida prior to filing suit against Plaintiff and the class, Defendant has unjustly received and retained a benefit at the expense of Plaintiff and class members.

75. Under principles of equity and good conscience, Defendant should not be permitted to retain money belonging to Plaintiff and class members that it unjustly received as result of its illegal debt collection activities.

76. Plaintiff and class members have suffered financial losses as a direct result of Defendant's conduct.

77. Plaintiff and Class Members are entitled to restitution of, disgorgement of, or the imposition of a constructive trust upon all profits, benefits and other compensation obtained by Defendant, and for such other relief that this Court deems proper.

**JURY DEMAND**

78. Plaintiff is entitled to and respectfully demands a trial by jury on all issues so triable.

**RELIEF REQUESTED**

WHEREFORE. Plaintiff, herself and on behalf of the Classes, respectfully requests this Court to enter judgment against Defendant for all of the following:

a. That Plaintiff and all class members be awarded actual damages, including but not limited to forgiveness of all amounts not owed;

b. That Plaintiff and all class members be awarded statutory damages for each of Plaintiff's claims;

c. That Plaintiff and all class members be awarded costs and attorney's fees;

d. That the Court enter a judgment permanently enjoining Defendant from charging and/or collecting debt in violation of the FCCPA;

e. That the Court enter a judgment permanently enjoining Defendant from charging and/or collecting debt in violation of the FDCPA;

f. That the Court enter a judgment awarding any other injunctive relief necessary to ensure compliance with the FDCPA and the FCCPA;

g. That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

h. That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure; and

k. Such other and further relief as the Court may deem just and proper.

Dated: July 25, 2018                                         Respectfully Submitted,


/s/ *James L. Kauffman*
James L. Kauffman (Fla. Bar. No. 12915)
1054 31st Street NW, Suite 230
Washington, DC 20007
Telephone:  (202) 463-2101
Facsimile:  (202) 463-2103
Email: jkauffman@baileyglasser.com

Darren R. Newhart, Esq.
Florida Bar No.: 0115546
E-mail: darren@cloorg.com
J. Dennis Card Jr., Esq
Florida Bar No.: 0487473
E-mail:DCard@Consumerlaworg.com
Consumer Law Organization, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 692-6013
Facsimile: (305) 574-0132

*Counsel for Plaintiff and the Putative Class*